## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS RODRIGUEZ, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **COMPLAINT -- CLASS ACTION AND DEMAND FOR JURY TRIAL** |
| HYNUM PROFESSIONAL CORPORATION A/K/A HYNUM LAW and JOHN DOES 1-25, | |
| Defendant(s). | |

### PRELIMINARY STATEMENT

1.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, HYNUM PROFESSIONAL CORPORATION A/K/A HYNUM LAW ("HYNUM LAW) and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5.      Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      HYNUM LAW maintains a location at 2608 North 3rd Street, Harrisburg, Pennsylvania 17110.

7.      HYNUM LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8.      HYNUM LAW uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      HYNUM LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## STATEMENT OF FACTS

11.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.     At some time prior to May 1, 2020, Plaintiff allegedly incurred a financial obligation to REMIT CORPORATION ("REMIT") or a previous creditor.

13.     The REMIT obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14.     Plaintiff incurred the REMIT obligation by obtaining goods and services which were primarily for personal, family and household purposes.

15.     The REMIT obligation did not arise out of a transaction that was for non-personal use.

16.     The REMIT obligation did not arise out of a transaction that was for business use.

17.     The REMIT obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     REMIT and any previous creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     On or before May 1, 2020, REMIT referred the REMIT obligation to HYNUM LAW for the purpose of collections.

20.     At the time the REMIT obligation was referred to HYNUM LAW, the REMIT obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

21.     HYNUM LAW caused to be delivered to Plaintiff a letter, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

22.     The letter was sent to Plaintiff in connection with the collection of the REMIT obligation.

23.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24.     Upon receipt, Plaintiff read the letter.

25.     The letter provided the following information regarding the balance claimed due on the REMIT obligation:

    Balance          $13,575.50

26.     The letter stated in part that:

    This firm represents Remit Corporation ("Remit").  **As of the date, Remit holds a judgment recorded against you in Philadelphia County, PA from October 8, 2010**.   The amount owed is $13,575.50 which is comprised of the judgment amount and accrued post-judgment interest.  Remit demands payment.

    As of the date of this letter, you owe $13,575.50. Because of interest, **late charges**, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

    For further information, write the undersigned or call (717) 774-1357**.**

    **This correspondence is from a debt collector and is an attempt to collect a debt**. Any and all information obtained will be used for that purpose. (emphasis added)

27.     As of the date of the May 1, 2020 letter, REMIT ceased assessing late charges on the REMIT obligation.

28.     At some time prior to May 1, 2020 letter, REMIT ceased charging or adding late charges to the balance of the REMIT obligation.

29.     REMIT never authorized HYNUM LAW to charge or add late charges to the balance of the REMIT obligation.

30.     As of the date of the May 1, 2020 letter, neither REMIT nor HYNUM LAW had the legal or contractual authority to assess late charges on the REMIT obligation. See <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2016 WL 4157160 (D.N.J. August 4, 2016); <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2018 WL 6322614 (D.N.J. December 4, 2018).

31.     HYNUM LAW knew or should have known that its actions violated the FDCPA.

32.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

<u>**POLICIES AND PRACTICES COMPLAINED OF**</u>

33.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as <u>**Exhibit A**</u>, which violate the FDCPA, by *inter alia*:

      (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

      (c)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

      (d)     Making a false representation of the character, amount legal status of the debt.

34.     Defendants have sent written communications in the form annexed hereto as <u>**Exhibit A**</u>, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

<u>**CLASS ACTION ALLEGATIONS**</u>

35.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

36.     This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from HYNUM LAW in an attempt to collect on a judgment, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.  The Class period begins one year prior to the filing of this Action.

37.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.  Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b.  Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class

member.   These common questions of law and fact include, without limitation:

i.      Whether the Defendants violated various provisions of the FDCPA;

ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv.     Whether Plaintiff and the Class are entitled to declaratory relief.

c.   Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.   Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

38.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

39.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.   Class treatment will also permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

40.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §**
1692 *et seq*.  VIOLATIONS

41.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43.     The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

44.     Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges.

45.     Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the REMIT obligation would increase due to late charges.

46.     Defendant's letters would cause the least sophisticated consumer to believe that the balance of the REMIT obligation could increase due to late charges.

47.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the REMIT obligation could increase due to late charges.

48.     Defendants' representation that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges violated

various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

49.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

50.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

51.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to late charges.

52.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

53.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

54.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

55.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to late charges.

56.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges.

57.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges.

58.     Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges were no longer being assessed on the REMIT obligation.

59.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

60.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional late charges when in fact the amount due would not and did not increase due to late charges.

61.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62.     Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges.

63.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

64.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

66.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

68.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

69.     Plaintiff has suffered damages and other harm as a direct result of Defendants

actions, conduct, omissions and violations of the FDCPA described herein.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

## **PRAYER**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees

and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court
may deem just and proper.

Dated: June 5, 2020

                                                    *s/ Robert P. Cocco*
                                                    Robert P. Cocco, Esq. (Pa ID 61907)
                                                    Law Offices of Robert P. Cocco, P.C.
                                                    1500 Walnut Street, Suite 900
                                                    Philadelphia, Pennsylvania 19102
                                                    (215) 351-0200 telephone
                                                    (215) 261-6055 facsimile

# EXHIBIT A

Real Life?   Real Answers.

# HYNUM LAW

2608 North 3rd Street
Harrisburg, PA 17110
Phone: 717·774·1357
Fax: 717·774·0788
www.hynumlaw.com

Michael A. Hynum, Esquire

Brian K. Zellner, Esquire
Eric J. Bialas, Esquire

Joan D'Altilio, RN, Paralegal
Pamela Scipioni, Paralegal
Tiffany Andes, Paralegal

Eric Patrick, Of Counsel

May 1, 2020

LUIS RODRIGUEZ
11997 Audubon Avenue
Philadelphia, PA 19116

Re:    Remit Corporation
**Amount Due: $13,575.50**
Our Matter#: ███████

Dear LUIS RODRIGUEZ:

This Firm represents Remit Corporation ("Remit"). As of this date, Remit holds a judgment recorded against you in Philadelphia County, PA from October 8, 2010. The amount owed is $13,575.50 which is comprised of the judgment amount and accrued post-judgment interest. Remit demands payment.

As of the date of this letter, you owe $13,575.50. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

For further information, write the undersigned or call (717) 774-1357.

Sincerely,

Michael A. Hynum, Esquire

c: Remit Corporation

**This correspondence is from a debt collector and is an attempt to collect a debt. Any and all information obtained will be used for that purpose.**

HYNUM PROFESSIONAL CORP